## The Travelers' Insurance Co. v. Jones.

1.  AGENCY — ONE CORPORATION ACTING AS AGENT OF ANOTHER.—
    Where the business of a Loan & Trust Company, in part, was to
    negotiate loans for an eastern Insurance Company, to whom applications for loans were forwarded for approval, and from whom it
    was accustomed to receive the moneys to be loaned, and to pay over
    the same to the borrowers on being satisfied that their titles to the
    lands offered as security were perfect, causing them to execute and
    deliver for the Insurance Company the papers necessary to secure

the loans, on the terms agreed upon, thereafter collecting and remitting to the Insurance Company, by its request, the interest on the loans made as the same fell due, such employment constituted the Loan & Trust Company the agent of the lender, not the agent of the borrowers.

2. THE RULE OF AGENCY NOT CHANGED BY ACCIDENTAL CIRCUMSTANCES.— Jones applied to the Loan & Trust Company for a loan, offering certain real estate as security. The application was forwarded by this company to the Insurance Company for approval. The latter company approved the application, placing the amount of the proposed loan to the credit of the former company, who declined to pay it over to the borrower because upon examination his title to the real estate proved to be imperfect. The latter, hoping to perfect his title and secure the money, requested the Loan & Trust Company not to return it to the lender, which request it complied with, and on perfecting his title paid the borrower a part of the loan contracted for, retaining, however, the security previously executed for the full amount of the loan applied for. *Held*, these circumstances did not make the Loan & Trust Company the agent of the borrower, and confine his right for redress to this company only.

3. VARIANCE BETWEEN COMPLAINT AND PROOF.— It is neither necessary nor proper to anticipate, in a complaint, circumstances which may transpire at the trial; and no advantage can be taken of a variance between the case made on the trial, and that stated in the complaint when produced in this way.

4. EQUITY — CANCELLATION OF NOTES, AND REMOVAL OF CLOUDS FROM TITLES.— The jurisdiction of courts of equity to require the cancellation of instruments given to secure the payment of debts, after the satisfaction thereof, and to remove clouds from titles to real estate, is too well established to admit of controversy.

*Appeal from District Court of Arapahoe County.*

THE appellee, Amanzo L. Jones, was plaintiff below. The following appears, *inter alia*, from the complaint: In February, 1884, he was the owner of certain described real estate situate in Jefferson county, Colorado, upon which one Lothrop held a mortgage to secure the sum of $8,400, this mortgage being in the form of a deed absolute on its face. The plaintiff, being desirous of discharging this and other claims, applied to the Colorado Loan & Trust Company for a loan of $10,000 for that purpose, and offered to secure the same by giving a deed of trust on the said lands.

Whereupon the Trust Company presented to him a blank on which to make out a written application for the loan, which he filled out in the usual manner.

Afterwards, upon making a second visit to the office of the Trust Company, he found, prepared for him to sign, a principal note for $10,000, together with ten interest cupons for $500 each, all made payable to the Travelers' Insurance Company, also a certain trust-deed on the lands aforesaid, securing the payment of the same, in which the said Colorado Loan & Trust Company was named as trustee. He subsequently executed the notes and deed of trust and delivered the same to the Colorado Company. Thereupon this company drew its check for $8,400, payable to its attorney, who obtained the money thereon and tendered the same for plaintiff to said Lothrop, who refused to receive it.

It is further alleged that the money was immediately returned to the bank from which it had been obtained. Plaintiff, expecting Lothrop to change his mind and accept the money, desired the Trust Company to allow it to remain in the bank for that purpose, it being agreed that plaintiff could withdraw it at any time by giving thirty days' notice and producing an abstract showing a clear title to the land. The difference between the $8,400 and the $10,000 was also promised. About January 1, 1885, Lothrop consenting to accept the $8,400 and release the land, plaintiff gave the Trust Company the required thirty days' notice. It failed, however, to get the money for him and he was compelled to borrow the same from another source and execute a new note for its repayment. With the money so borrowed he paid off Lothrop's claim, and procured the release of the trust-deed. This amount was afterwards refunded by the Colorado Company; the remainder, however, was never received by Jones.

The defendant, answering, alleges that the Loan & Trust Company was the agent of appellee in making the application for the loan referred to in the complaint, and that it did loan to appellee the full sum of $10,000, sending the

money to appellee's said agent and receiving from it the note, coupons and trust-deed specified in the complaint, and that no part of the money had ever been repaid to it. The replication contains a denial of all the new matter set out in the answer.

A trial to the court resulted in findings and decision of the tenor following:

*First.* That as between the plaintiff and the Travelers' Insurance Company, the Colorado Loan & Trust Company was the agent of the latter in negotiating the loan.

*Second.* That on the 18th day of February, 1884, the Travelers' Insurance Company remitted to, and the Colorado Loan & Trust Company received, the sum of $10,000, being the amount of plaintiff's note which had been delivered to said insurance company, but that the Colorado Loan & Trust Company received said sum as agents of the Travelers' Insurance Company and not as the agent of the plaintiff, and that said moneys were not at the time paid to the plaintiff by the Colorado Loan & Trust Company, but were misappropriated by said trust company to its own use.

*Third.* That of the moneys so negotiated by the plaintiff from the defendant the sum of $9,024.38 was paid to the plaintiff on the 2d day of February, 1885, and that only said sum of $9,024.38 has been received by the plaintiff.

*Fourth.* The delay in the payment was neither the fault of the plaintiff nor of the defendant.

*Fifth.* That the plaintiff has paid all such interest as was fair and equitable between the parties on account of such loan, up to the said 2d day of February, 1885.

*Sixth.* That he is now liable to the Travelers' Insurance Company, defendant, upon the note described in the complaint in the sum of $9,024.38, with interest thereon from the 2d day of February, 1885, at the rate of ten per cent. per annum, and that the land of plaintiff, mortgaged as described in the pleadings herein, is chargeable only with that sum as a lien.

*Seventh.* That plaintiff did not agree to pay commissions to any one for procuring this loan.

*Eighth.* That the plaintiff has this day paid to the defendant, the Travelers' Insurance Company, the sum of $10,696.36, which amount has been indorsed upon said note.

Thereupon a decree was entered requiring:

*First.* That the coupon note given by said plaintiff, Amanzo L. Jones, to the defendant, the Travelers' Insurance Company, for the sum of $10,000, dated the 15th day of February, 1884, is no longer an indebtedness due from said plaintiff to said the Travelers' Insurance Company, and that it be delivered up and surrendered to plaintiff.

*Second.* That the deed of trust executed by the plaintiff to the Colorado Loan & Trust Company, as trustee. to secure the payment of said $10,000 coupon note be delivered up and surrendered, and that said Colorado Loan & Trust Company shall execute, acknowledge and deliver a good and sufficient release deed to said plaintiff, releasing to him all the right, title and interest it acquired under and by virtue of said deed of trust.

*Third.* The defendant is perpetually enjoined from selling, transferring, pledging or in any way or manner negotiating the said note.

*Fourth.* That each of the parties to this action pay their own costs.

Mr. Charles H. Toll and Mr. E. W. Reynolds, for appellant.

Mr. L. C. Rockwell, for appellee.

Mr. Justice Hayt delivered the opinion of the court.

Three objections are urged in this court against the decree of the district court. These objections will be considered in the order presented by the counsel:

1. Insufficiency of the evidence to support the finding

that the Loan & Trust Company in making the loan was the agent of the Travelers' Insurance Company.

The trial below was had to the court without a jury. That court having had the advantage of observing the witnesses upon the stand, by a familiar rule this court is precluded from examining the evidence merely for the purpose of substituting its judgment upon its weight for the conclusion of the trial court. A resort to the rule is not necessary, however, in this case. The evidence points so strongly to the agency of the Loan & Trust Company, as found by the district court, as to leave no room for an opposite conclusion.

It is shown that the principal business of the Loan & Trust Company was to negotiate loans for eastern parties. It was its habit, upon receiving an application for a loan, to forward the same to some one of its correspondents in the east for approval and acceptance. The Travelers' Insurance Company was one of such correspondents, in fact it may be said that it was the one with which the Loan & Trust Company principally transacted such business. In pursuance of this custom, when the application of Jones was received it was forwarded to the Travelers' Insurance Company for its approval. The abstract of title at this time had not been prepared. Appellant approved the Jones loan and forwarded the amount ($10,000) to its correspondent in New York and had it placed to the credit of the Colorado Company.

If Jones' title to the land given as security had been perfect, the loan would, without doubt, have been consummated and the money paid without delay, but it was found that his title was not good, and for this reason the money was withheld by the Loan Company.

A pertinent inquiry in this connection is, For whose benefit and protection was the payment of this money refused? There can be but one answer to this question under the evidence: It was withheld for the protection of the Insurance Company. And certainly in so doing the Colorado

Company was still acting as the agent of the Insurance Company. Had it been acting as the agent of Jones it would have paid the money to him, or if it had refused, payment could have been compelled by Jones. It certainly cannot be claimed, in view of the failure of the title, that Jones could have compelled the payment of this money to him. This strongly tends to show that the Colorado Company was at that time not acting as the agent of Jones.

It is claimed by appellant, and numerous authorities are cited in support of the claim, that the Colorado Company acted as broker in the transaction, and, as Jones first employed it to procure the money for him, that in law it must be considered as his agent for the entire transaction so far as any agency resulted therefrom. It is a sufficient answer to this contention to say that the Colorado Company was the agent of the Travelers' Insurance Company for the purpose of making loans long prior to the time of the Jones application. It was not only negotiating loans for the Travelers' Insurance Company, but it was collecting interest upon such loans, as the same fell due from time to time, and forwarding the same to the company's principal office, at Hartford, Conn. It was doing this at the request of the Insurance Company and as its agent. It is further shown by the testimony of Barrows, an employee of the Insurance Company, and its witness, that the Colorado Company was authorized to, and did, collect interest upon this very claim; and that it was some time after trouble had arisen between the Insurance Company and the Colorado Company before the former revoked the agency of the latter. It then expressly notified its borrowers, including appellee, that the Colorado Company was no longer authorized to collect the interest, and issued a general circular to this effect. If, as now claimed, the Colorado Company was not authorized to collect the interest and had not been in the habit of so doing, why was such a circular necessary or proper?

It is in evidence that Jones, entertaining the belief that Lothrop, upon reflection, would release his claim, requested

the Colorado Company to hold the money. It is claimed that Jones by this made the Loan Company his agent, and consequently can only look to it for redress. Jones only made this request, however, after payment to him had been refused. He did it at a time when the Colorado Company held the money as the agent of the Insurance Company and would not pay the money although he stood ready to receive it. In this extremity, he asked that, instead of returning it, it should be retained, in order that he might yet secure it, should he be able to present a satisfactory title. Eventually he succeeded so far as the title was concerned. Still the money was withheld.

In this state of the record we see no reason for interfering with the finding of the trial court upon the question of the agency.

The remaining objections have been argued together by counsel. They are two in number:

1. A variance is claimed between the case made upon the trial and the case stated in the complaint.

2. It is urged that the case made is not one cognizable in equity.

The only variance between the proof and the complaint arises out of the payment by Jones of the money which he had received. This occurred at the trial, and it was neither necessary nor proper to anticipate it in the pleading. Appellee having paid and appellant having accepted all the money that he had received upon his note, together with all the interest due upon the same, the Insurance Company was placed in the position of holding a note secured by a deed of trust for a claim that had been fully satisfied.

The principal contention below was upon the liability of appellee for the money advanced by the Insurance Company to the Loan & Trust Company which he had never received.

It appearing that the Colorado Company was the agent for the Travelers' Insurance Company in receiving this money, and no fraud being shown on the part of Jones, he

was in no way responsible for the money withheld by the Colorado Company; and his liability having been fully discharged, he was entitled to have his notes canceled and the cloud of the trust-deed removed from his title.

The jurisdiction of courts of equity in such cases is too firmly established to be now made the subject of controversy.

Finding no error in the record, the judgment of the district court is affirmed.

*Affirmed.*

MR. JUSTICE ELLIOTT, having presided at the trial below, did not participate in this decision.