## No. 10,107.

### LARSEN, ET AL. v. WHITFORD, ET AL.

Decided June 5, 1922.

Action to enjoin a sale under a trust deed. Judgment for defendants.

*Affirmed.*

1.  PRINCIPAL AND AGENT—*Agency—Burden of Proof.* The burden of establishing agency is upon the party alleging it.

    Record reviewed, and held, that the trial court correctly determined the question in the case under consideration.

*Error to the District Court of the City and County of Denver, Hon. Clarence J. Morley, Judge.*

Mr. H. A. CALVERT, for plaintiffs in error.

Mr. HENRY E. MAY, for defendants in error.

*En banc.*

MR. JUSTICE BURKE delivered the opinion of the court.

PLAINTIFFS in error, having borrowed money of defendant in error Edith L. Whitford and secured its payment by a trust deed, brought this action to enjoin sale there-

under, and to review a judgment entered against them on their evidence, they prosecute this writ.

The loan in question was made through one Conaway. Plaintiffs alleged that Conaway was the agent of Whitford and the burden was upon them to so prove. If they failed therein, as the trial court found, this judgment must be affirmed, otherwise it must be reversed.

Mrs. Whitford gave her check to Conaway for $5000.00, the full amount of the loan. Out of this he was to discharge a prior encumbrance of $2000.00 and pay the remainder for certain improvements as they were made. He discharged the encumbrance and paid $1700.00 on the improvements. The balance he embezzled. Plaintiffs, contending that this balance covered by their trust deed had never been received by them, declined to make further interest payments, for which default Whitford, taking the contrary view, began foreclosure. Counsel for plaintiffs contends that the arrangement by which Conaway was to make the payments above mentioned constituted him the agent of Whitford under the rule laid down in *Travelers' Ins. Co. v. Jones,* 16 Colo. 515, 27 Pac. 807. In addition to such evidence that alleged agency is further supported by conversations from which it appears that Conaway was an old acquaintance of Judge Whitford, Mrs. Whitford's husband, who expressed confidence in him and surprise at his failure to pay and apparent dishonesty, and indicated at one time a willingness to make good the embezzlement out of his own funds. One of these conversations, in which Judge Whitford indicated that plaintiffs ought not to bear the loss, took place in Mrs. Whitford's presence and when she might have heard it, although there is no evidence that she did so or that she personally ever assumed any responsibility therefor, or ever admitted that Conaway was her agent. Called by plaintiffs as an adverse witness for cross-examination under the statute she testified that neither Conaway nor her husband were ever authorized to act for her.

It further appears that plaintiffs, desirous of making

such a loan, saw Conaway's advertisement in a Denver paper and called upon him, that he knew Mrs. Whitford had this amount of money to loan although he then had none of it in his possession and there is no evidence that he was then vested with any authority concerning it. Plaintiffs did not know whose money they were getting until the papers were made out, and they did not meet either of the Whitfords for some time thereafter. Plaintiffs executed the note and trust deed and authorized Conaway to make disposition of the loan as above mentioned. They paid a commission to Conaway who advised them that one-half of it was to go to Judge Whitford. Mrs. Whitford's check to Conaway was dated the following day. The arrangement for Conaway to pay for the improvements was that such payments should be made on plaintiffs' order, and the $1700.00 was so paid out. There is no evidence that these orders were to be presented to, or approved in any way by, either of the Whitfords. All of which constitutes very strong evidence that Conaway was plaintiffs' agent.

*Travelers' Ins. Co. v. Jones, supra,* is correct as far as it goes, and unquestionably states the law, but its facts are not the facts of the case before us. There was in that case a prior relation of principal and agent, collection of interest by the agent and no payment of commission by the borrower.

On the entire record before us we cannot say that the trial court was wrong in holding that Conaway was plaintiffs' agent. It is certainly true that plaintiffs at least did not sustain the burden imposed upon them, i. e., to establish *prima facie* that Conaway was Whitford's agent. Failing in this they were not entitled to injunctive relief. The judgment is affirmed.

MR. CHIEF JUSTICE SCOTT, MR. JUSTICE CAMPBELL and MR. JUSTICE WHITFORD not participating.

MR. JUSTICE TELLER sitting as Chief Justice.